

**U. S. Department of Justice**

Civil Rights Division

*Office of the Assistant Attorney General*  *Washington, D.C. 20530*

October 29, 2004

The Honorable Susan J. Dlott
Judge of the United States District Court
for the Southern District of Ohio
Potter Stewart U.S. Courthouse
Room 829
100 East Fifth Street
Cincinnati, OH 45202

     RE: *Spencer* v. *Blackwell*, Case No. 04CV738

Dear Judge Dlott:

     The United States writes to direct the court's attention to the Help America Vote Act of 2002 (HAVA), 42 U.S.C. 15301 et seq. Under this relatively new statute, state and local election officials must permit any individual whose name does not appear on the official registration list for the polling place or *whose eligibility to vote is called into question* to cast a provisional ballot if such individual declares that he "is a registered voter in the jurisdiction in which [he] desires to vote and that [he] is eligible to vote in an election for Federal office." 42 U.S.C. 15482(a). Thus, we emphasize that if voters are in fact challenged on November 2 under a statute like that in force in Ohio, as a matter of federal law those challenged voters must be given the opportunity to cast a provisional ballot even if they are unable to answer the specific questions posed by election judges.

     We bring this provision to the court's attention because HAVA's provisional ballot requirement is relevant to the balance between ballot access and ballot integrity. Challenge statutes such as those at issue in Ohio are part of this balance. They are intended to allow citizens and election officials, who have information pertinent to the crucial determination of whether an individual possesses all of the necessary qualifiers to being able to vote, to place that information before the officials charged with making such determinations. Restricting the ability of citizens to make challenges when they have such information would undermine the ability of election officials to enforce their own state laws that govern the eligibility for voting and lessen their ability to examine potential voters under applicable federal standards for federal elections. See, e.g., 18 U.S.C. 611 (making it a federal crime for a non-citizen to vote in an election where a candidate for federal office is on the ballot).

In this regard, we observe that nothing in the Voting Rights Act facially condemns challenge statutes. Section 2 of the Act provides, in relevant part, that "[n]o voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color." 42 U.S.C. 1973(a). Thus, a challenge statute permitting objections based on United States citizenship, residency, precinct residency, and legal voting age like those at issue here are not subject to facial challenge (as opposed to as applied challenge) under the Act because these qualifications are not tied to race. See Mallory v. Eyrich, 839 F.2d 275, 278 (6th Cir. 1988) (noting that Section 2 was intended "to banish the blight of racial discrimination in voting").

Respectfully submitted,

R. Alexander Acosta
Assistant Attorney General

cc  Jim Petro
    Alphonse Gerhardstein