Nos. 04-4311/05-3005 & 04-4312/05-3006

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
MAR 2 8 2005
LEONARD GREEN, Clerk

05 MAR 29 PM 1:48
FILED
JAMES BONINI
CLERK

| | |
|---|---|
| SUMMIT COUNTY DEMOCRATIC CENTRAL AND EXECUTIVE COMMITTEE, et al., | ) ) ) |
| Plaintiffs-Appellees, | ) |
| v. | ) ) |
| J. KENNETH BLACKWELL, et al., | ) ) |
| Defendants, | ) ) |
| MATTHEW HEIDER; SAM EWING; ELIZABETH COOMBE; DAVID TIMMS; STATE OF OHIO, | ) ) ) ) |
| Intervenors-Appellants. | ) ) |
| MARION SPENCER; DONALD SPENCER, | ) ) |
| Plaintiffs-Appellees, | ) |
| v. | ) ) |
| J. KENNETH BLACKWELL, et al., | ) ) |
| Defendants, | ) ) |
| CLARA PUGH; SAM MALONE; CHARLES WINBURN; STATE OF OHIO, | ) ) ) |
| Intervenors-Appellants. | ) ) ) |

O R D E R

1:04cv738

Before: RYAN, COLE, and ROGERS, Circuit Judges.

These consolidated appeals arise from two separate district court actions challenging Ohio election law, specifically Ohio Rev. Code §§ 3505.20 and 3505.21. The *Spencer* plaintiffs now move to dismiss the appeals as moot. The defendants and the intervenors oppose the motion to dismiss.

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By: [signature]
Deputy Clerk

The appellants seek review of orders of the district court, entered on the eve of the November 2, 2004, general election, granting temporary injunctive relief enjoining the defendants from permitting challengers at the polling places in Ohio on November 2, 2004. This court issued a stay pending appeal of the district courts' rulings. *Summit County Democratic Central and Executive Comm. v. Blackwell*, 388 F.3d 547 (6th Cir. 2004). The *Spencer* plaintiffs assert that the injunctive relief on appeal was based on the plaintiffs' as applied challenges to the Ohio law. Thus, the district courts' rulings were based on circumstances unique to the 2004 general election. Because that election is now concluded, they argue that the appeals are moot.

"The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Michigan High School Athletic Ass'n Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (internal quotations and citations omitted). We agree that a ruling by this court on the limited injunctive relief granted by the district courts will not make a difference to the legal interests of the parties. The defendants argue that the injunctions fall into the "capable of repetition yet evading review" exception to the mootness doctrine. *See, e.g., Suster v. Marshall*, 149 F.3d 523, 527 (6th Cir. 1998), *cert. denied*, 525 U.S. 1114 (1999). The plaintiffs' challenges to the constitutionality of the Ohio law would not evade review because the plaintiffs continue to litigate that question in the district courts; their challenges will be considered in that forum.

Because these appeals are moot, we conclude that the injunctive relief granted by the district courts should be vacated. *See United States v. Munsingwear*, 340 U.S. 36, 39 (1950); *United States v. City of Detroit*, — F.3d —, 2005 WL 598822 (6th Cir. Mar. 16, 2005); *McPherson v. Michigan High School Athletic Ass'n Inc.*, 119 F.3d at 458.

The motion to dismiss these appeals as moot is **GRANTED**, and the district courts' orders on appeal are **VACATED**.

                                      ENTERED BY ORDER OF THE COURT

                                      Leonard Green
                                             Clerk